OPINION
Defendant-appellant Brian Glenn Anderson appeals from the May 10, 2000, Judgment Entry of the Stark County Court of Common Pleas adjudicating him a sexual predator as defined in R.C. Section2950.01(E). Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE
On April 12, 2000, the Stark County Grand Jury indicted appellant on one count of rape in violation of R.C. 2907.02, a felony of the first degree, and one count of gross sexual imposition in violation of R.C.2907.05, a felony of the third degree. Both counts of the indictment alleged that appellant had had sexual contact with a boy under the age of thirteen. At his arraignment on April 21, 2000, appellant entered a plea of not guilty to the charges contained in the indictment. Subsequently, a Bill of Particulars was filed on May 4, 2000. The Bill of Particulars alleged that appellant, on or about January 31, 2000, had placed his penis in his three year old victim's mouth and had performed fellatio on his victim. The Bill further alleged that, as a continuing course of conduct from on or about January 31, 2000, to on or about April 2, 2000, appellant had fondled the victim's genitals with his hand and had induced the victim to fondle appellant's genitals. The victim, who was three years old at the time, was appellant's stepson. Thereafter, on May 8, 2000, appellant changed his plea and entered a plea of guilty to both counts contained in the indictment. As memorialized in a Judgment Entry filed on the same date, appellant was sentenced to prison for eight years on the rape charge and to five years on the charge of gross sexual imposition. The two sentences were to be served concurrently. A hearing to determine appellant's status as a sexual predator under R.C. 2950.09
also was held on May 8, 2000. Pursuant to a Judgment Entry filed on May 10, 2000, the trial court adjudicated appellant a sexual predator. It is from the trial court's May 10, 2000, Judgment Entry that appellant prosecutes his appeal, raising the following assignment of error:
 THE TRIAL COURT ERRED IN CLASSIFYING APPELLANT AS A SEXUAL PREDATOR WITHOUT A RECORD OF CLEAR AND CONVINCING EVIDENCE TO SUPPORT THE FINDING.
Appellant, in his sole assignment of error, argues that the trial court's adjudicating him a sexual predator was not supported by clear and convincing evidence. In State v. Cook, (1998), 83 Ohio St.3d 404 the Supreme Court of Ohio determined that R.C. Chapter 2950 is remedial, not punitive, in nature. As such, we will review this assignment of error under the standard of review contained in C.E. Morris Co. v. Foley Construction (1978), 54 Ohio St.2d 279. Accordingly, judgment supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence. R.C. 2950.01(E) defines a "sexual predator" as "a person who has been convicted of or plead guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." Pursuant to R.C. 2950.01(D)(1), rape in violation of R.C. 2907.02 and gross sexual imposition in violation of R.C. 2907.05 are sexually oriented offenses. R.C. 2950.09(B) sets forth that the trial court shall consider the factors listed in R.C.2950.09(B)(2) in determining whether someone is a sexual predator, and shall only make such determination if the trial court finds the evidence is clear and convincing. (R.C. 2950.09(B)(3)) R.C. 2950.09(B)(2) sets forth the relevant factors a trial court is to consider in making its determination:
(a) The offender's age;
 (b) The offender's prior criminal record regarding all offenses, including, but not limited to, all sexual offenses;
 (c) The age of the victim of the sexually oriented offense for which sentence is to be imposed;
 (d) Whether the sexually oriented offense for which sentence is to be imposed involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior offense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
(g) Any mental illness or mental disability of the offender;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (I) Whether the offender, during the commission of the sexually oriented offense for which sentence is to be imposed, displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavior characteristics that contribute to the offender's conduct."
At the May 8, 2000, hearing, the State referred the trial court to the Bill of Particulars and the discovery filed in the case sub judice on May 4, 2000, which included a typewritten account of appellant's oral confession. Thereafter, the trial court made the following findings on the record in adjudicating appellant a sexual predator: THE COURT: The Court in reviewing 2950.09, the Court is required to look at all relevant factors, including [but] not limited to the following: I find A, that the Defendant's age of 22 is significant, primarily in relationship to the victim's age, which is three years of age. My understanding is that the defendant has no prior criminal record; is that correct? MR. WAKSER: That is correct, sir. THE COURT: Certainly the age of the victim is a most significant issue with me. I believe also the facts were this Defendant tried to minimize his conduct in relationship to this victim and I think the bill of particulars indicates that he was — the Defendant was somewhat passive gives me cause for concern also. So the age of this victim and also the statements made by this Defendant in relationship to that age give me some cause for concern. There does not appear to be any mental illness or any mental disability. And there was more than one — — I think there were two different acts at two different times. And the Court does find that this Defendant did occupy a position of authority over this child and for those reasons, the Court will find the Defendant to be a sexual predator.
Transcript of May 8, 2000, hearing at 5-7. Based on the foregoing, we find that the trial court considered the elements set forth in R.C.2950.09(B)(2) and that there was competent, credible evidence to support the trial court's findings. We further find that the evidence presented and the findings made by the trial court at the May 8, 2000, hearing support the finding that appellant is a sexual predator under R.C.2950.01(E) by clear and convincing evidence and that said finding is not against the manifest weight of the evidence.
Appellant's sole assignment of error is, therefore, overruled. The judgment of the Stark County Court of Common Pleas is affirmed.
Edwards, J. Farmer, P.J. and Reader, concur